DA 12-0365

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 75N

_____

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

JOSEPH WAYNE TICE,

        Defendant and Appellant.

_____

APPEAL FROM:     District Court of the Third Judicial District,

                    In and For the County of Powell, Cause No. DC 09-64

                    Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

Jennifer A. Giuttari, Montana Legal Justice, PLLC, Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

Lewis K. Smith, Powell County Attorney; L. Jeanine Badanes, Deputy County Attorney; Deer Lodge, Montana

_____

Submitted on Briefs:   March 6, 2013

Decided:   March 19, 2013

Filed:

_____

Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Joseph Wayne Tice appeals following the entry of judgment by the Third Judicial District Court, Powell County, adjudging him guilty of the offense of assault on a peace officer, a felony, and sentencing him to a five-year term in the Montana State Prison (MSP). Tice challenges the District Court's denial of his motion to withdraw his guilty plea to the charge.

¶3   Tice was serving a prior sentence at MSP for an unrelated offense of assaulting a peace officer when, on October 8, 2008, he became involved in an altercation with two MSP correctional officers. Tice was charged with two counts of felony assault on a peace officer, and the State also filed a notice of intent to seek persistent felony offender status. In April 2010, Tice entered a plea bargain agreement that provided, in exchange for his plea of guilty to one count, the State would move to dismiss the second count and also withdraw its persistent felony offender notification. A change of plea hearing was held on April 27, 2010.

¶4   Tice's arguments on appeal focus on the portion of the plea colloquy in which he responded to the District Court's inquiry about pleading guilty by stating "If I don't plead guilty I'll get more time." However, the colloquy didn't stop there. The District Court responded by stating, "Alright well that could be, but I can't accept a guilty plea unless a person acknowledges they are guilty or I would be

2

happy to afford you a jury trial and you can raise your defenses to that jury." Tice then admitted his guilt of purposely punching the correctional officer.

¶5  The morning of his sentencing hearing, Tice filed a motion to withdraw his plea. Relying primarily upon the argument that he had a history of mental illness, Tice asserted that his understanding during the change of plea hearing had been impaired. Tice's mental health condition had been raised as a potential issue throughout the proceeding. The Omnibus Hearing Memorandum noted that Tice's fitness to proceed, and the defense of mental disease or defect, were potential issues, and that defense counsel was in the process of compiling Tice's mental health records. However, a motion regarding these issues was not filed by the stated deadline. Later, Tice filed a motion to continue the pre-trial conference and the trial to have additional time to obtain a mental evaluation, which the District Court granted. Tice filed no motion following this extension of time, and instead entered the plea agreement and changed his plea. Tice then filed the motion to withdraw his plea prior to sentencing. The State responded that there was little evidence indicating Tice actually suffered from mental health problems. The District Court took Tice's motion to withdraw his plea under advisement and granted Tice additional time to obtain a mental evaluation. Through counsel, Tice advised the court that arrangements had been made for the evaluation to be performed at Montana State Hospital by Dr. Timothy Casey and that the court would be advised when the evaluation report had been received. Five months later, having heard nothing, the District Court requested a status report, at which time Tice's counsel reported that she "[did] not believe that Dr. Casey's opinion would provide the Court with any additional psychological information and requests that the Court rule on Defendant's motion to Withdraw his plea. Counsel stands by the motion and supporting briefs."

¶6     The District Court denied the motion, and Tice filed a motion for reconsideration, arguing that "[w]hile the Court did conduct a thorough inquiry," it was nonetheless his position that "the Defendant's mental health issues significantly clouded his perceptions at the change of plea hearing and his fitness to proceed despite the court's considerable precautions." The District Court also denied the motion for reconsideration.

¶7     Tice argues that there was sufficient evidence "to establish that because Tice was suffering from a serious mental condition at the time of the assaults and during [the] change of plea hearing," he did not voluntarily enter a guilty plea. We review the denial of a motion to withdraw a guilty plea de novo, as a mixed question of law and fact. *State v. LeMay*, 2011 MT 323, ¶ 51, 363 Mont. 172, 266 P.3d 1278.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted in denying Tice's motion to withdraw his plea.

¶9     Affirmed.


                                                              /S/ JIM RICE



We concur:


/S/ MIKE McGRATH

/S/ PATRICIA COTTER

4

/S/ BETH BAKER

/S/ BRIAN MORRIS